IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**LISA MURPHY**                                                    **PLAINTIFF**
**ADC #760343**

v.                  No: 3:21-cv-00098 DPM-PSH

**A. DAVIS,** *et al.*                                         **DEFENDANTS**

### INITIAL ORDER FOR *PRO SE* PRISONER PLAINTIFFS

You have filed this federal civil rights lawsuit *pro se*, that is, without the help of a lawyer. Additionally, there are rules and procedures that you must follow in order to proceed with your lawsuit, even though you are not a lawyer.

IT IS THEREFORE ORDERED THAT:

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. Local Rule 5.5(c)(2) provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

**Second: Pay the Filing Fee.** Every civil case filed by a prisoner – including this one – requires the plaintiff to pay a filing fee either at the beginning of the lawsuit or, if he cannot afford to pay the entire fee in a lump sum, to apply for leave to proceed *in forma pauperis* ("IFP"). If you are granted IFP status, the filing fee is $350, which will be collected in installments from your prisoner account. Importantly, the entire filing fee will be collected, even if your lawsuit is dismissed.

You have not paid the $402 filing and administrative fees or filed a complete IFP application.[1] The Clerk of Court is directed to enclose an IFP application along with a copy of this order. **You must return a completed IFP application, including an accompanying affidavit and jail account information sheet, or pay**

---

[1] Because you are a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), you must show that you were in imminent danger of serious physical injury at the time you filed your complaint. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). *See Murphy v. Faust et al.,* No. 1:14-cv-00127-JM (E.D. Ark.); *Murphy v. Culclager, et al.*, No. 1:15-cv-00027-BSM (E.D. Ark.); *Murphy v. Robinson, et al.*, No. 1:15-cv-00047-JM (E.D. Ark.); and *Murphy v. Fisk, et al.*, No. 1:15-cv-00050-BSM (E.D. Ark.). The three-strikes provision requires the court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added).

**the $402.00 filing and administrative fees within 30 days of the date of this order.  Otherwise, the lawsuit will be dismissed.**

  **Third: Provide Addresses for Service.**  All defendants must be served with the complaint and a summons within 90 days of the filing of a complaint.  This includes "John/Jane Doe" defendants.  Any defendant who is not served within 90 days can be dismissed, without prejudice, from the lawsuit.  If you are proceeding IFP, the Court will order service of process on the defendants if it determines that service is appropriate after screening your complaint as required by 28 U.S.C. § 1915A and/or 28 U.S.C. § 1915(e).  However, it is your responsibility to identify defendants, including "Doe" defendants, and to provide valid service addresses for defendants.  You may send discovery requests, or use other means, to find valid service addresses for defendants.

  **Fourth:  No Right to Appointed Counsel.**  This is a civil case.  Unlike criminal cases, there is no right to have an appointed lawyer in a civil case.  If your case proceeds to a jury trial, however, a lawyer may be appointed to assist you before trial.

  **Fifth:  Do Not File Your Discovery Requests.**  Discovery requests, such as interrogatories and requests for documents, are not to be filed with the Court.  Instead, discovery requests should be sent to counsel for the defendant (or directly

to the defendant if he or she is not represented by a lawyer).  No discovery should be sent to a defendant until after that defendant has been served with the complaint.

**Sixth:  Do Not Send Documents to Court Except in Two Situations.**  You may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment; or if the court orders you to send documents or other evidence.

**Seventh:  Provide a Witness List.**  If your case is set for a hearing or trial, as your hearing or trial date approaches, you will be asked to provide a witness list.  After reviewing the witness list, the Court will make efforts to ensure the attendance of all appropriate witnesses.

IT IS FURTHER ORDERED THAT:

Because Murphy's complaint (Doc. No. 1) contains no statement or description of her claim(s), she is directed to file an amended complaint with a complete description of her claims.  The Clerk of Court is directed to send Murphy a blank § 1983 form.  In the event Murphy fails to file an amended complaint conforming to the Court's order within 30 days, this case may be dismissed.

IT IS SO ORDERED this 18th day of May, 2021.

_____
UNITED STATES MAGISTRATE JUDGE